UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| J.P. MORGAN SECURITIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02788-SEB-MJD |
| | ) | |
| NATHAN D. SHIELDS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY, AND MOTION TO SET HEARING (DKTS. 3, 13)**

Plaintiff has sued Defendants, invoking our diversity jurisdiction, for, among other things, breach of restrictive covenants and misappropriation of trade secrets, *see* Ind. Code ch. 24-2-3, based on which it now seeks a temporary restraining order (TRO), a preliminary injunction, and expedited discovery. Plaintiff also seeks to have the Court set a hearing on these matters. In the required expeditious fashion, for the reasons explained below, Plaintiff's motions are denied.

1. A movant seeking a TRO must make a threshold showing that it has some likelihood of success on the merits; that it has no adequate legal remedy; and that it will suffer irreparable harm unless the TRO issues. If that showing is made, the Court must proceed to balance the harms to the nonmovant if the TRO issues, the harms to the movant unless the TRO issues, and the public interest. *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001).

1

2. *Restrictive covenants*: Plaintiff alleges that Defendants, who are its former employees, are all subject to substantially identical contractual provisions prohibiting them from disclosing, or using for a third party's benefit, Plaintiff's confidential client information, and from soliciting Plaintiff's clients during the twelve-month period following Defendants' recent unilateral termination of their employment relationships with Plaintiff.

3. *Restrictive covenants—likelihood of success on the merits*: Plaintiff has not shown a likelihood of success on the merits of its complaint because it has failed to interpose any cognizable response to Defendants' objection that the covenants are unenforceable under the law of the state of New York, which governs their agreements. In its briefing Plaintiff relies entirely on Indiana law, relegating New York law to a single footnote, which is in any event mostly a string citation. Br. Supp. 8 n. 3. Arguments raised in passing in footnotes are waived. *Feather v. SSM Health Care*, 216 F. Supp. 3d 934, 941 n.4 (S.D. Ill. 2016). The question is not whether Plaintiff's covenants are enforceable under the law of some jurisdiction, but whether they are enforceable under the law of the jurisdiction to which they are subject. Plaintiff has failed to make these arguments.

4. *Restrictive covenants—likelihood of success on the merits*: Plaintiff also has failed to show a likelihood of success on the merits because its attempt to show that Defendants in fact are violating or have violated the restrictive covenants is far from persuasive, never mind conclusive. In response to

Plaintiff's complaint allegations, Defendants submitted their own affidavits, wherein they aver that they departed Plaintiff's employment without a digital or physical scrap of Plaintiff's confidential information, and that they have solicited none of Plaintiff's clients. They admit to having recalled client names from their own memories and using publicly available information to inform those former clients of their new situation, but Plaintiff has not shown, or even argued, such conduct is violative of its covenants. Defendants also submit the affidavit of a client who avers that she was never solicited by any Defendant, but *sua sponte* transferred her client account from Plaintiff to Defendants' current employer upon learning of Defendants' departure from Plaintiff. Plaintiff has not countered this evidence with any contrary evidence. Plaintiff rests entirely on its complaint allegations, which in relevant part are anonymous hearsay, Compl. ¶ 3, or made merely "on information and belief" only. Compl. ¶ 9.

5. *Restrictive covenants—lack of legal remedy and irreparable harm*: Plaintiff has not shown it lacks a legal remedy and will suffer irreparable harm unless Defendants are restrained because it has not offered anything more than a conclusory gesture in the direction of interests protectable only by equitable relief. Plaintiff draws its asserted interest in "goodwill" from cases involving covenants not to compete. Here, however, Defendants are not barred from competing with Plaintiff, only from soliciting its clients. Plaintiff's covenants therefore contemplate competition with Defendants, including through the

use of intangible "goodwill" Defendants built while in Plaintiff's employ, so long as not solicited by Defendants within the proscribed twelve-month period. *Volenti non fit injuria*: Plaintiff cannot claim irreparable injury flowing from conduct permitted by its freely and voluntarily agreed upon covenants. Further, injury flowing from wrongful transfer of client business from Plaintiff to Defendants is easily tracked, quantified, and compensated in money damages. Finally, the merest invocations of "client confidence" and "office morale" do not establish Plaintiff's entitlement to relief, as Plaintiff supplies no reason to believe client confidence will suffer where, as Plaintiff alleges, confidential information has been stolen from it despite every reasonable precaution being taken, and no reason at all to believe that "office morale" will suffer if Defendants are not restrained here.

6. *Trade secrets—likelihood of success on the merits*: Plaintiff has not shown a likelihood of success on the merits here for the reasons set forth in Paragraph 4, *supra*.

7. *Trade secrets— lack of legal remedy and irreparable harm*: Plaintiff has not shown it lacks a legal remedy and will suffer irreparable harm unless Defendants are restrained here for the reasons set forth in Paragraph 5, *supra*.

8. Plaintiff asks for a preliminary injunction following an evidentiary hearing, Br. Supp. 3, but the evidentiary hearing has not yet been requested. Genuine disputes of material fact preclude our ruling on any preliminary injunction until such hearing has been held. *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d

1167, 1171 (7th Cir. 1997). Accordingly, the motion for a preliminary injunction is denied without prejudice to refiling.

9. The parties have represented to Magistrate Judge Mark. J. Dinsmore that "the need for [the] requested expedited discovery will be dictated by whether [the] TRO is granted or denied. Magistrate Judge will schedule [a] conference to address discovery issue following ruling on [the] TRO." Dkt. 21. Accordingly, the motion for expedited discovery is denied without prejudice to refiling.

10. Plaintiff requests a hearing to present oral argument. Judge William T. Lawrence previously notified the parties that oral argument was not necessary at this time. Dkt. 20. We agree. Accordingly, the motion to set a hearing for the purposes of oral argument is denied.

## **Conclusion and Order**

For the reasons explained above:

Plaintiff's motion for a temporary restraining order is DENIED.

Plaintiff's motion for a preliminary injunction is DENIED.

Plaintiff's motion for expedited discovery is DENIED.

Plaintiff's motion to set a hearing is DENIED.

IT IS SO ORDERED.

Date: 9/26/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeffrey M. Csercsevits
FISHER & PHILLIPS LLP
jcsercsevits@fisherphillips.com

Christopher Charles Hagenow
BLACKWELL, BURKE & RAMSEY, P.C.
chagenow@bbrlawpc.com

Bernard Lowell Pylitt
KATZ  KORIN CUNNINGHAM, P.C.
bpylitt@kkclegal.com

Leonard Weintraub
PADUANO & WEINTRAUB, LLC
lweintraub@pwlawyers.com

Sally F. Zweig
KATZ  KORIN CUNNINGHAM, P.C.
szweig@kkclegal.com